IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| AMANDA HARTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC., | ) |
| TRANS UNION LLC. | ) |
| | )  CASE NO: 2:05cv1081-T |
| | ) |
| Defendants. | )  JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Amanda Hartley, by and through the undersigned attorneys, brings this action against Defendant Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), Experian Information Solutions Inc., ("Experian") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorneys' fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Barbour County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Equifax is a corporation incorporated under the laws of Georgia. It has its principal place of business in Georgia. It is licensed to do business in Alabama.

4. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Equifax dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

6. Defendant Trans Union is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

7. Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

8. Trans Union dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

9. Defendant Experian is a corporation incorporated under the laws of Ohio. It has its principal place of business in California. It is licensed to do business in Alabama.

10. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

11. Experian dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

## JURISDICTION AND VENUE

12. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

12. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

13. After reviewing copies of her credit reports from Equifax, Trans Union and Experian, Plaintiff discovered numerous inaccurate accounts and personal identification information that was not hers.

14. On or about December 10, 2004, Plaintiff advised Trans Union, Equifax, and Experian by certified letter of the inaccurate accounts and personal information and requested a reinvestigation of the same.

15. Plaintiff received the results of her investigation from Trans Union, Equifax and Experian on various dates in December, 2004 and January 2005.

16. All three credit reporting agencies performed an investigation and failed to remove many of the disputed accounts and continued reporting the inaccurate personal identification information.

17. On or about April 5, 2005, Plaintiff again advised Trans Union, Equifax, and Experian by certified letter of the inaccurate accounts and personal information and requested a reinvestigation of the same.

18. Again, Plaintiff received the results of her investigation from Trans Union, Equifax and Experian on various dates in late April 2005 through May 2005.

19. All three credit reporting agencies performed an investigation and failed to remove many of the disputed accounts and continued reporting the inaccurate personal identification information.

20. Plaintiff applied for a GE Money bank credit card sometime in June 2005.

21. Plaintiff received an Adverse Action notice from GE Money Bank dated June 10, 2005, and was denied the credit based upon false and derogatory information appearing on her Equifax consumer credit report which marred her credit report, credit scores and generated adverse action codes/risk factors causing the lender to deny credit to Plaintiff.

22. Plaintiff also applied for credit with Capital One in July 2005. Plaintiff received an Adverse Action notice from Capital One dated July 18, 2005, and was denied the credit based upon false and derogatory information appearing on her Equifax, Trans Union and Experian consumer credit reports which marred her credit report, credit scores and generated adverse action codes/risk factors causing the lender to deny credit to Plaintiff.

23. Plaintiff also applied for credit with Chase Bank, USA, N.A in July 2005.

24. Plaintiff received an Adverse Action notice from Chase Bank dated July 27, 2005, and was denied the credit based upon false and derogatory information appearing on her Equifax, consumer credit report which marred her credit report, credit scores and generated adverse action

codes/risk factors causing the lender to deny credit to Plaintiff.

25. During the same time as the credit denials, Plaintiff was served with a complaint which was filed against her by Citibank South Dakota, N.A., case number DV-05-498 in the District Court of Barbour County, Alabama.

26. Citibank claimed that the Plaintiff owed $1,047.89 plus interest on an account she allegedly opened.

27. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

28. Defendants have repeatedly attributed adverse credit information to the Plaintiff that does not belong to her.

29. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

30. The presence of these inaccurate trade-line(s) and/or collection account(s) on her credit report adversely affects her good name and creditworthiness.

31. Defendants have published very low credit scores about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

32. Defendants have published false adverse action codes about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

33. Defendants prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. 1681a.

34. Defendants maintain a contract with smaller affiliate bureaus, legal and contractual

agents, wherein they share data and other assets.

35. Defendants allow their credit reporting database, which takes in, warehouses, maintains and manipulates data supplied by their subscribers, to be accessed by their affiliate bureaus and subscribers.

36. Defendants and their affiliate bureaus and subscribers have access to consumer credit reports, prepared by the Credit Reporting Agencies ("CRA"), from the same data pool, in the same database, and Defendants have duties to each consumer, including Plaintiff, about whom they report, as provided for in the FCRA.

37. Defendants have repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

38. Plaintiff advised Defendants directly, on multiple occasions, of the false data and demanded that the data be removed from its consumer reports and files of and concerning Plaintiff.

39. Defendants failed to properly reinvestigate Plaintiff's disputes and Defendants continued to prepare and issue false consumer reports.

40. Defendants misrepresented information to Plaintiff and further concealed information from Plaintiff.

41. Defendants chose to continue to prepare and publish false consumer credit reports about Plaintiff.

42. Defendants took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

43. Likewise, Defendants failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit data file and such false data continued to be posted as

new consumer credit reports were prepared, issued and disseminated by Defendants and relayed for further use, reliance and publication by their subscribers.

44. Defendants failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

45. Defendants failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the FCRA.

46. Defendants have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the Plaintiff that such information was inaccurate.

47. Defendants through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

48. Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

49. Further, by violating the FCRA and using unreasonable procedures for data accuracy and integrity, Defendants likewise breached their contractual duties.

50. As a result of the misleading and inaccurate information reported by the Defendants, the Plaintiff has suffered sustained actual damages including, financial damages, credit denials, and

emotional distress.

51. Defendants' conduct, action and inaction, was willful.

52. Defendants' actions and inactions, were negligent.

53. Discover published the credit card account representations to Defendants and through Defendants, to all of Plaintiff's potential lenders.

54. Defendants did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in her credit file.

55. Defendants willfully determined to follow procedures which it did not review, confirm or verify the identity of persons to whom it grants credit.

56. The Defendants' wrongful conduct has caused the Plaintiff severe emotional distress.

57. The Defendants' conduct was clearly extreme and outrageous and would shock a reasonable person's conscience.

### COUNT ONE
**Failure to comply with 15 U.S.C. § 1681e(b), 1681i(a) and 1681i(a)(5) of the Fair Credit Reporting Act and State Laws by Defendants.**

58. This is a count against Defendants Equifax, Trans Union and Experian for their willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

59. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

60. Defendants willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer credit reports.

61. Defendants willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

62. The trade-lines contained within the Plaintiff's Equifax, Trans Union and Experian reports as published by Defendants rendered the reports as inaccurate.

63. Following receipt of the Defendants' consumer reports, the Plaintiff requested that Defendants reinvestigate the inaccurate account information including the personal information being reported on her credit file.

64. As part of the reinvestigation, Defendants were required to notify the furnishers of the allegedly inaccurate trade-lines of the dispute in a notice.

65. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

66. As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

67. Defendants negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

68. In response to the request for reinvestigation, Defendants did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

69. Defendants have maintained numerous inaccurate trade-lines on the Defendants credit report of the Plaintiff.

70. Defendants have negligently and/or willfully failed to conduct a proper reinvestigation

of the credit card account in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

71.  The Plaintiff suffered damages as a result of this violation of the FCRA.

72.  Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

73.  In addition to actual or compensatory damages for its negligent and intentional conduct, Equifax, Trans Union and Experian are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A.  Actual damages;

    B.  Punitive damages;

    C.  Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D.  Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    E.  For such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

DATED this the 25th day of October, 2005.

_____
JAMES D. PATTERSON (PAT6485)
EARL P. UNDERWOOD (UNDEE6591)

**Law Offices of Earl P. Underwood, Jr.**
**21 South Section Street**
**PO Box 969**
**Fairhope Alabama 36533**
**(251) 990-5558**
**(251) 990-0626 (Fax)**

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

James D. Patterson

Please serve this complaint by certified mail.